UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOHN T. BENNETT | CIVIL ACTION 06-0354 |
| VERSUS | U.S. DISTRICT JUDGE DEE DRELL |
| STATE FARM INSURANCE COMPANY | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

**REPORT AND RECOMMENDATIION**

Before the court is plaintiff's motion to remand, **Doc. #7**, referred to me by the district judge for report and recommendation.

Plaintiff sues his homeowners insurance company[1] [State Farm] for damages, attorney fees and penalties as a result, he alleges, of the company improperly issuing a belated reservations of rights letter to deny insurance coverage on a slip and fall claim arising out of an accident at plaintiff's home. Plaintiff's claims are based on two Louisiana insurance penalty statutes, LSA-R.S. 22:658 and 1220. Suit was filed in state district court in the 12th Judicial District Court in Avoyelles Parish, Louisiana.

Defendant, State Farm, filed a timely notice of removal in which it asserts that there exists complete diversity of citizenship between the parties to the action and that the amount in controversy exceeds $75,000.

---

[1] Properly, State Farm Fire and Casualty Insurance Company.

1

Plaintiff moves to remand asserting that defendant has failed in its burden to prove jurisdiction. Plaintiff asserts that the amount in dispute does not exceed the jurisdictional limit of this court and submits an affidavit as to the damages in the form of attorney fees claimed as of March, 29, 2006. Those attorney fees, which were incurred in connection with plaintiff's defending himself in the slip and fall suit after the notice of reservation of rights was sent to him, are presumably a principal element of plaintiff's claim for damages in this suit.

Defendant argues that the petition makes clear that plaintiff is seeking more than $75,000 because plaintiff is claiming unspecified damages and also claims entitlement to attorney fees, costs and penalties under the two Louisiana statutes.

## Analysis

It is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. However, the Fifth Circuit has applied different standards of proof, depending upon whether the complaint prays for a specific amount of damages. Allen v R & H Oil and Gas Co., 63 F.3d 1326 (5th Cir. 1995). Where the complaint alleges entitlement to damages which exceed the jurisdictional limits of the court, now $75,000, the court may refuse jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount. St. Paul Mercury Indemnity Co. v. Red Cab. Co., 58 S. Ct. 586 (1938). Where a specific amount of damages is not set forth, the legal certainty test is not applicable. Instead, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. De Aguilar v. Boeing Co., 11 F.3d 55 (5th Cir. 1993) (DeAguilar I).

In Louisiana, plaintiffs are prohibited by state law from specifying the amount of damages

sought. La. Code Civ. P., Art. 893.  In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. De Aguilar I, supra.  The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" from the complaint that the claims are likely above $75,000, or (2) "by setting forth the facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount."  Allen, 63 F.3d at 1335.  See Luckett v. Delta Airlines, Inc. 171 F.3d 295 (5th Cir. 1999). Plaintiff may, however, cite to a state statute for example, that prohibits recovery of more than the amount sought.  De Aguilar v. Boeing Co., 47 F.3d 1404 (5th Cir. 1995) (De Aguilar II). Otherwise, a litigant who wants to prevent removal must file a binding stipulation or affidavit with his petition. Id.

Removal may not be based upon conclusory allegations and the jurisdictional facts that support removal must be judged at the time of removal.

Once jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75, 000 generally do not divest the court of diversity jurisdiction. St. Paul Mercury, supra.  While post removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits or stipulations and amendments may be considered only if the basis for jurisdiction is ambiguous, that is not "facially apparent", at the time of removal.  Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000); Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Columbia S. A., 988 F.2d 559, 565 (5th Cir. 1993), cert. den., 114 S. Ct. 685 (1994); St. Paul Mercury, supra.  See also, (De Aguilar II). Any post petition affidavits or stipulations are allowable only if relevant to the time of removal.  Allen, 63 F.3d at 1335.

Plaintiff's petition does not allege entitlement to a specific amount of damages. The petition asserts that State Farm's actions necessitated his hiring his own attorney in order to protect his interests in the lawsuit against him. Although the only damages claimed prior to this suit being filed was the attorney fees, plaintiff prays here for "all damages caused by its [State Farm's] bad faith as well as penalties and attorney's fees [incurred in this and in the prior suit]."

Louisiana Revised Statute 22: 658 provides generally that an insurer found to have acted in an arbitrary or capricious manner with respect to payment of claims may be liable for a penalty of 25% of the amount of the loss. Section 1220 provides that an insurer who breaches its duty of good faith and fair dealing toward its insured, who fails to adjust claims promptly, or who fails to make a reasonable effort to settle claims against its insured may be liable for general or [and] special damages, and for penalties not to exceed twice the damages sustained (or $5,000 dollars, whichever is more). Damages include, in appropriate cases, inconvenience and aggravation. See Theriot v. Midland Risk Ins. Co., 664 So. 2d 547 (La. App. 3rd C. 1995).

Whether other types of damage may be available is not before the court and is not apparent from a review of the existing state jurisprudence. However, it is at least clear that the damages set forth in Section 1220 include not only "special damages", but also "general damages".

Plaintiff has shown by affidavit that the amount of attorney fees, costs and expenses incurred in the prior case was $21, 361.54. Adding a penalty of double that amount would not bring the total up to the jurisdictional limit. However, adding Theriot damages for aggravation or other special or general damages probably would. While the question of what damages plaintiff may be awarded if he succeeds in showing bad faith on the part of defendant is not before the

court, it is at least clear that the amount of damages in addition to the cost of attorney fees in the prior suit is "in dispute" here. Those damages would only have to total $3,638.47 [2] to cause the total amount in dispute, including penalties, to exceed $75,000. General damages alone, if awarded, would almost certainly exceed that amount and are in dispute.

It is not facially apparent from the petition that the amount in dispute exceeds the jurisdictional limit of this court. Therefore, it was necessary that defendant show by a preponderance of other evidence that the amount in dispute is more than $75,000. This defendant has done with the help of the affidavit submitted by plaintiff as to the amount of attorney fees. In addition, defendant has submitted evidence that plaintiff indeed may seek compensation for damages to his reputation and business. Plaintiff also refused to sign a binding stipulation that the amount in dispute did not exceed $75,000.

For these reasons, plaintiff's Motion to Remand, Doc. #7, should be DENIED.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

---

[2] The sum of $21, 361.54 and $3,639.47 is $25,000.01. Penalties of double that amount would total $50,000.02, for a total potential award of $75,000.03.

5

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Alexandria, Louisiana, October 4, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE